J-S44008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                      :            PENNSYLVANIA
                                                      :

                    v.                                       :
                                                      :

NEIL SIMPSON                                 :
                                                      :
                   Appellant           :    No. 1408 WDA 2018

Appeal from the Judgment of Sentence Entered June 7, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001534-1999

BEFORE: SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:           **FILED OCTOBER 16, 2019**

Appellant, Neil Simpson, appeals from the judgment of sentence imposed on June 7, 2018, in the Erie County Court of Common Pleas following vacation of his original October 20, 2016 sentence of life imprisonment without the possibility of parole. We affirm the judgment of sentence but remand for clarification of the costs for which Appellant is responsible consistent with this Memorandum.

This Court previously summarized the facts and initial procedural history as follows:

> The facts, as gleaned from the record, show that shortly after 11:30 p.m. on April 8, 1999, [Willie] Williamson [("Williamson")] and [his half-brother, sixteen-year-old Appellant,] and an unrelated juvenile male, attacked Ronald Guzowski [("Guzowski")], who was walking home in an inebriated condition from a tavern in the city of Erie. The trio knocked Guzowski down, kicked him in the head and smashed a brick in his face. As Guzowski lay unconscious and bleeding, Williamson

and [Appellant] robbed him. Guzowski was severly injured by the attack, but survived.

Present at the scene was Martin Ondreako [("Ondreako")], a companion of Williamson and [Appellant,] who witnessed the crime against Guzowski but did not participate in it. The attack was also witnessed by a juvenile female who later told police that Ondreako might be able to provide them with relevant information. Ondreako was interviewed by police several times. He reluctantly implicated Williamson and [Appellant].

Williamson and [Appellant] learned of Ondreako's cooperation with the police investigation. Although [Francisco] DeLeon [("DeLeon"), Williamson's and Appellant's brother-in-law] did not participate in the robbery and beating of Guzowski, [DeLeon] later conspired with Williamson and [Appellant] to murder Ondreako. On or about April 28, 1999, Williamson, [Appellant,] and DeLeon lured Ondreako to an isolated location where they stabbed him to death. [The trio] then dumped Ondreako's body into Lake Erie, buried the knife they used to kill him, and set fire to their own blood-stained clothing. The body was recovered approximately one week later and [the trio was] subsequently arrested.

The April 8th robbery and beating [of Guzowski] were joined for trial with the April 28th murder [of Ondreako], and [Williamson, DeLeon, and Appellant] were tried together following the denial of their joint pre-trial motion to sever the charges and to be tried separately. A consolidated jury trial was conducted in the Court of Common Pleas of Erie County in March of 2000 following the denial of [a] joint motion for change of venue/venire.

Following conviction[1] and sentencing,[2] . . . post-trial motions were denied and . . . appeals [were] filed . . . .

---

[1] Appellant was convicted of first degree murder, 18 Pa.C.S. § 2502(a), criminal conspiracy, 18 Pa.C.S. § 903(a), and retaliation against a witness, 18 Pa.C.S. § 4953(a).

> [2] The Commonwealth sought the death penalty. The
> jury returned a sentence of life imprisonment for each
> [defendant] for the murder of Ondreako.[2]

***Commonwealth v. Simpson***, 788 A.2d 1035, 1465 WDA 2000 (Pa. Super.

filed 9/28/01) (unpublished memorandum at 1–3) (footnote omitted). We

affirmed the judgment of sentence on September 28, 2001. ***Id.***

On October 24, 2006, Appellant filed a "Motion for Permission to File

Allowance of Appeal Nunc Pro Tunc" that was treated as a first petition

pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.

Following the appointment of counsel, the PCRA court denied the petition.

Order, 11/21/06. Appellant did not file an appeal.

Appellant, *pro se*, filed a second PCRA petition on July 12, 2010. The

PCRA court appointed counsel, who filed a no-merit letter. The court

ultimately permitted counsel to withdraw and denied the PCRA petition.

Orders, 12/8/10.

On July 16, 2012, Appellant, *pro se*, filed a third PCRA petition alleging

that his sentence, as a juvenile, to life imprisonment without the possibility of

---

[2] The instant sentencing court noted that Appellant "had an extensive record of juvenile criminality, including two adjudications for aggravated assault prior to his fourteenth birthday" and "multiple adjudications for burglary . . . ." Sentencing Court Opinion, 12/4/18, at 1 and n.1. The original sentencing court had imposed a consecutive aggregate sentence of twelve and one-half to thirty-seven years of imprisonment for the April 8th attack on Mr. Guzowski. *Id.* at 2. We note that the Honorable John A. Bozza presided over Appellant's original jury trial, he has entertained every PCRA petition Appellant filed, and he resentenced Appellant, which is the judgment of sentence currently on appeal.

parole was unconstitutional pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012). Following the filing of multiple extensions of time to file a counseled supplemental petition, which the PCRA court granted, Appellant filed, *inter alia*, a fourth *pro se* PCRA petition on March 9, 2016, within sixty days of the filing of **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718 (2016). Following the appointment of counsel, the PCRA court vacated Appellant's life sentence and ordered resentencing. Order, 12/8/16. Pursuant to Appellant's request and following a hearing on the matter, the sentencing court awarded appointed counsel $1,500.00 "to assist in developing and presenting evidence on behalf of" Appellant. Order, 12/11/17.

The sentencing court held a resentencing hearing on June 7, 2018. Appellant presented the testimony of: an activity specialist for the Department of Corrections ("DOC"); a unit manager at SCI Albion, where Appellant was incarcerated; a licensed social worker at SCI Albion; a corrections counselor at SCI Albion; an expert in juvenile justice; a program manager for Erie County Re-Entry Services and Support Alliance; and Appellant. N.T., 6/7/18, at 5, 13, 19, 23, 35, 72, 81. The Commonwealth presented the testimony of the murder victim's mother. **Id.** at 87. The sentencing court summarized its judgment of sentence as follows:

> Appellant was re-sentenced to a minimum period of incarceration of 35 years and a maximum period of incarceration of life on the murder conviction. In addition, the [c]ourt made the sentence consecutive to his sentence of 3 to 7 years . . . for retaliation against a witness, but concurrent with the sentence for criminal conspiracy and concurrent with other sentences he received . . .

- 4 -

for which he was also serving an extensive period of incarceration.[2] His aggregated sentence was 38 years to life. He received credit of approximately 19 years for the time he already served. At the time of his re-sentencing, [Appellant] was 35 years old. He will be eligible for parole when he is 54 years old.

> [2] . . . . At the time of his re-sentencing, . . . Appellant was serving his sentences [relating to his convictions of conspiracy and retaliation against a witness, which had been imposed consecutive to his life sentence for murder] and [for the crimes relating to the assault of Mr. Guzowski]. Only [the] sentence . . . for murder had been vacated.

Following his re-sentencing, [Appellant] filed a Motion for Post-Sentence Relief, arguing that his new sentence was also unconstitutional because the date upon which he would be eligible for parole would not give him a meaningful opportunity for release. In support of his position, he relied, in significant part, on the case of *United States v. Grant*, 887 F.3d 131(3rd Cir. 2018). The Commonwealth filed a response objecting to . . . Appellant's position and following argument, . . . Appellant's motion was denied.

Sentencing Court's Opinion, 12/4/18, at 4. Appellant filed this timely appeal; both Appellant and the sentencing court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the Sentencing Court impose an unconstitutional sentence when it imposed the aggregate minimum sentence of 38 years, a sentence which is a *de facto* life sentence, as it deprives Appellant of a meaningful opportunity for release?

2. Did the Sentencing Court impose an illegal sentence when it directed Appellant to pay costs generally without clarification that the costs would not include the costs of re-sentencing?

Appellant's Brief at 8.

Appellant is challenging the legality of his sentence. ***Commonwealth v. Foust***, 180 A.3d 416 (Pa. Super. 2018), petition for allowance of appeal

filed, 126 WAL 2018.[3] "When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Lekka***, 210 A.3d 343, 355 (Pa. Super. 2019) (citing ***Commonwealth v. Seskey***, 170 A.3d 1105, 1107 (Pa. Super. 2017)).

The basis for Appellant's claim relates to this Court's discussion and holding in ***Foust***, wherein we extensively reviewed ***Miller*** and ***Montgomery*** and the cases upon which they relied, and held that "a trial court may not impose a term-of-years sentence on a juvenile convicted of homicide if that term-of-years sentence equates to a *de facto* life-without-parole sentence unless it finds, beyond a reasonable doubt, that the juvenile is incapable of rehabilitation." ***Foust***, 180 A.3d at 433. The ***Foust*** Court also concluded that the two consecutive sentences of thirty years to life imprisonment that were imposed on the defendant for two first-degree-murder convictions must be examined separately, and viewed as such, each thirty-year sentence was not an unconstitutional *de facto* life sentence. ***Id.*** at 434–438.

In setting forth his claim herein that his sentence is *de facto* a life sentence that deprives him of a meaningful opportunity for release, Appellant acknowledges that this Court has rejected such contentions in ***Foust*** (thirty-

---

[3] Appellant avers that our Supreme Court "held" the allocator petition in ***Foust*** pending the Pennsylvania Supreme Court's decision in ***Commonwealth v. Felder***, 181 A.3d 1252, 660 EDA 2015 (Pa. Super. filed December 20, 2017) (unpublished memorandum), *appeal granted*, 187 A.3d 909, 41 EAL 2018 (Pa. 2018), which was argued on September 11, 2019, ***Commonwealth v. Felder***, 18 EAP 2018. Appellant's Brief at 27 n.2.

years-to-life-imprisonment not a *de facto* life sentence without the possibility of parole); *Commonwealth v. White*, 193 A.3d 977 (Pa. Super. 2018) (thirty-five years to life imprisonment with earliest opportunity for parole at age fifty-two not a *de facto* life sentence without the possibility of parole), *appeal denied*, 193 A.3d 977, 304 WAL 2018 (Pa. filed June 17, 2019); and *Commonwealth v. Bebout*, 186 A.3d 462 (Pa. Super. 2018) (forty-five years to life imprisonment with earliest opportunity for parole at age sixty not a *de facto* life sentence without the possibility of parole).[4] Appellant's Brief at 27–30. Despite this controlling precedent, Appellant advances the proposition of the Connecticut Supreme Court in *Casiano v. Comm'r of Correction*, 115 A.3d 1031, 1046 (Conn. 2015),[5] that an individualized finding of the

---

[4] There are many more non-precedential decisions that have upheld life sentences upon the resentencing of defendants, who were juveniles at the time of the murders, that may be cited for persuasive authority on this issue. Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decisions of the Superior Court filed after May 1 2019, may be cited for their persuasive value); *see*, *e.g.*, *Commonwealth v. Hernandez*, 2019 WL 3940215, 2210 EDA 2018 (Pa. Super. filed August 21, 2019) (Non-Precedential Decision) (aggregate sentence of forty-five years to life imprisonment, with earliest opportunity for parole at age sixty-two, not a *de facto* life sentence without the possibility of parole); *Commonwealth v. Wilson* 2019 WL 4200951, 2498 EDA 2018 (Pa. Super. filed September 5, 2019) (Non-Precedential Decision) (aggregate sentence of thirty-eight years to life imprisonment, with earliest opportunity for parole at age seventy-five, was not a *de facto* life sentence without the possibility of parole).

[5] Although we are not bound by decisions of our sister courts, we may use case law from other jurisdictions for guidance "to the degree we find them useful and not incompatible with Pennsylvania law," when we are confronted "with a question heretofore unaddressed by the courts of this

defendant's life expectancy is required as a prerequisite to resentencing. Appellant's Brief at 29–30. The **Bebout** Court specifically rejected the **Casiano** Court's theory, **Bebout**, 186 A.3d at 468, and thus, Appellant's attempt to rely on this out-of-state case law is rejected.

In **Lekka**, 210 A.3d 343, this Court concluded that our decision in **Bebout** was "especially relevant." **Lekka**, 210 A.3d at 357. In light of binding precedent, we rejected the appellant's claim that his sentence of forty-five years to life imprisonment, with credit for time served from the date he originally entered the correctional system, constituted a *de facto* life sentence without the possibility of parole. We held:

> that [the a]ppellant has not demonstrated that he has no meaningful chance of survival until he completes his 45-year minimum sentence to enjoy his time at liberty at parole, should he be granted release. While [the a]ppellant will not be eligible for parole until age 62, two years longer than the defendant in **Bebout**, Appellant has not shown any significant difference between the ages at the earliest possible point of release that would distinguish his case from **Bebout**. Furthermore, though [the a]ppellant has cited statistical data concerning life expectancy and case law of other states, as in **Bebout**, we must conclude that [the a]ppellant has not offered a workable standard as to what types of terms-of-years sentences are the *de facto* equivalent of life-without-parole sentences.

*Id.* at 358. Appellant's attempt to make these identical arguments is rejected for the same reasons.

_____

Commonwealth." **Commonwealth v. Manivannan**, 186 A.3d 472, 483–484 (Pa. Super. 2018).

As pointed out by the Commonwealth, Appellant failed to establish that he does not have a reasonable likelihood of surviving until he is eligible for parole. Commonwealth Brief at 6. There is no disagreement that Appellant will be eligible for parole in 2037, when he is fifty-four years old. Appellant's Brief at 27; Sentencing Court Opinion, 12/4/18, at 6. Appellant is far more favorably situated than either Mr. Bebout or Mr. Lekka, who will be six and eight years older, respectively, than Appellant at the age of parole eligibility. Moreover, as noted by the sentencing court, there is no indication in the record that Appellant's diagnosis of Stevens-Johnson Syndrome meaningfully impacts his life expectancy so as to distinguish him from the defendants in the previously cited relevant appeals.[6] Accordingly, in light of all relevant case

---

[6] Appellant avers that juvenile justice expert, Randolph A. Matuscak, who testified at resentencing and filed an expert report that was admitted at the hearing, explained that this diagnosis was serious and potentially fatal. Appellant's Brief at 31. However, Appellant fails to cite to the place in the record or the report where such evidence was advanced. *Id.* It is not this Court's responsibility to scour the record to find evidence to support an argument. *Commonwealth v. Cannavo*, 199 A.3d 1282, 1289 (Pa. Super. 2018). Merely referencing the report is insufficient. We have independently reviewed the testimony and the report. There is no testimony at the sentencing hearing to that effect. While the report indicates that Appellant suffered from Stevens-Johnson Syndrome in 1995 when he had an allergic reaction to the drug Ritalin, Matuscak Report at 7, and again in 1997, *id.* at 10, we agree with the sentencing court's observation that there is "no evidence in the record that [Appellant's] generally anticipated life expectancy is markedly unusual." Sentencing Court Opinion, 12/4/18, at 11 (footnote omitted).

law bearing on this issue, we decline to find that Appellant's sentence constituted a *de facto* life sentence without the possibility of parole.

In his second issue, Appellant asserts the sentencing court imposed an illegal sentence when it signed a written re-sentencing order directing "[Appellant] to pay costs." Order, 6/7/18. Appellant suggests that the general language of this order could be interpreted to require Appellant to pay the costs of re-sentencing, "which is illegal given that Appellant should not be punished for challenging the constitutionality of the previously-imposed, mandatory life without parole sentence."[7] Appellant's Brief at 23, 33. In support, Appellant cites **Commonwealth v. Lehman**, 201 A.3d 1279, 1281 (Pa. Super. 2019), *appeal granted*, 69 MAL 2019,[8] which held that the

_____

[7] Although this issue was not raised in Appellant's Pa.R.A.P. 1925(b) statement, the legality-of-the-sentence claim is not waived. **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013) (legality-of-sentence claim may be addressed anytime, including by the appellate court *sua sponte*.).

[8] The issue identified on appeal is as follows:

> Whether the Pennsylvania Superior Court erred as a matter of law by holding that the costs relating to contested expert testimony in a contested resentencing do not constitute costs of prosecution under 16 P.S. § 1403, and are ineligible for imposition upon a defendant reimbursement as part of a sentence as a matter of law rather than the sentencing court's discretion[?]

**Commonwealth v. Lehman**, ____ A.3d____, 69 MAL 2019 (Pa. filed June 25, 2019).

- 10 -

imposition of resentencing costs on a defendant in Appellant's position was inappropriate.

The Commonwealth is in agreement with Appellant, as are we, that the sentencing order should be clarified that the costs for which Appellant is responsible are those outstanding costs remaining from the time of his original sentencing.  Commonwealth's Brief at 8.

Judgment of sentence affirmed.  Case remanded for proceedings consistent with this Memorandum.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/16/2019